# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| ANB BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2234-JAR |
| | ) |
| JMK PROPERTIES, L.L.C., et al., | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

The parties agree that confidentiality of the financial information of Defendants is appropriate in this case because two of the Defendants and their law firm actively practice before this Court. In order to protect from public access said financial information, the parties agree that documents already produced in Rule 26 disclosures and documents that may be produced in the future that contain Confidential Information (defined below) during the course of discovery should be treated as confidential and subject to this order. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

Defendant JMK Properties, LLC ("JMK" or "Borrower") is a Missouri limited liability company that owns the real estate at issue ("Property"), a professional office building located in Kansas City, Missouri. Defendants Brian McCallister, Cynthia Short,

and the McCallister Law Firm have each executed and delivered Guaranties for the JMK's obligations under the loan.

Defendants McCallister Law Firm, P.C., Brian McCallister, and Cynthia Short are actively engaged in the practice of law, and public dissemination of their financial dealings and information without a protective order may adversely interfere and harm the interests of their clients and themselves in matters pending before the any court.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' Joint Motion for Protective Order (ECF No. 25)] and hereby enters the following Protective Order:

1. **Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible. Further, northing herein shall prohibit Plaintiff ANB Bank and/or Defendant United States Small Business Administration from using said Confidential Information as part of their business in accordance with all applicable privacy regulations.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as any document produced by any party in their Rule 26 Disclosures except for those documents attached as Exhibits to Plaintiff's Petition,

Defendant's Counterclaim and the Answer of any Defendant, as amended. The parties also agree the following categories of documents will be deemed confidential with respect to any documents produced in discovery from the date of this order forward:

    a) Financial Statements and Records of Defendants;

    b) Loan applications of Defendants;

    c) Financial projections and other proprietary business records of Defendants;

    d) Real estate appraisals of the subject property;

    e) Credit Reports of Defendants; and

    f) any other banking documentation relating to Defendants;

Information or documents that are available to the public may not be designated as Confidential Information.

**3. Form and Timing of Designation.** For any documents previously produced by the parties in their Rule 26 Disclosures, any party wishing to use such documents in any deposition or court filing or proceeding shall place the words "Confidential – Subject to Protective Order" on the document and all copies. For any additional documents produced by any party after the date of this Protective Order, the producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER" (hereinafter "the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

**4. Inadvertent Failure to Designate.** The parties do not believe there will be any issue of an inadvertent failure to designate. However, in the unlikely event any document is inadvertently filed with this Court without any designation, said filing shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within sixty (60) days after discovery of the inadvertent failure.

**5. Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after

receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6. Protection of Confidential Material.**

**(a) General Protections.** Designated Confidential Information may be used or disclosed for purposes of prosecuting or defending this lawsuit, including any appeals. Nothing herein prevents the Plaintiff ANB Bank, or Defendant United States Small Business Administration, from using Confidential Information for business purposes in accordance with the federal privacy rules and regulations.

**(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties;

(2) Counsel for the parties and employees and agents of counsel;

(3) The court and court personnel, including any special master appointed by the court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c) Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

**7. Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**8. Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**9. Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the

Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b) **Return of Confidential Documents.** The parties agree there will be no need to return confidential documents at the conclusion of the case because Plaintiff ANB Bank and Defendant United States Small Business Administration need to keep said confidential information in their records for business purposes.

(c) **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11. **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the

parties have been given notice and an opportunity to be heard on the proposed modification.

**12. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**13. Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**14. Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**15. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a

later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and(e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: September 11, 2017

s/ K. Gary Sebelius<br>K. Gary Sebelius<br>U.S. Magistrate Judge

| | |
|---|---|
| **WE SO MOVE** and agree to abide by the terms of this Order | **WE SO MOVE** and agree to abide by the terms of this Order |
| VINCENT F. O'FLAHERTY, | LATHROP GAGE LLP ATTORNEY, LLC |
| s/Vincent F. O'Flaherty<br>Vincent F. O'Flaherty     KS #16954<br>2 Emanuel Cleaver II Blvd., #445<br>Kansas City, MO 64112<br>816-931-4800 – Telephone<br>Email: voflaherty@voflaw.com<br>Attorney for Defendant JMK Properties, LLC<br><br>Dated:      9/8/17 | s/Carrie Josserand<br>Carrie Josserand KS#18893<br>1 0 8 51 Mastin, Suite 1000<br>Overland Park, KS  66210<br>913-451-5100 – Telephone<br>Email: cjosserand@lathropgage.com<br><br>John T. Coghlan  KS #14438<br>2345 Grand Blvd., Suite 2200<br>Kansas City, MO  64108<br>816-292-2000 – Telephone<br>Email: jcoghlan@lathropgage.com<br>Attorneys for Plaintiff ANB Bank<br><br>Dated:      9/8/17 |

**WE SO MOVE and agree to abide by the terms of this Order**

THOMAS E. BEALL, US Attorney

s/Christopher Allman
Christopher Allman     KS #14225  500 State Street, #360
Kansas City, KS 66101  913-551-6730 – Telephone
Email: chris.allman@usdoj.gov
Attorneys for SBA

Dated:      9/8/17